Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50138 | **DATE** | 7/23/2012 |
| **CASE TITLE** | McPherson-Moses v. Autumn Home Care | | |

**DOCKET ENTRY TEXT:**

Defendant's motion to dismiss [19] is granted. Plaintiff's claim is dismissed without prejudice to refiling if plaintiff can demonstrate her Title VII claim has been abandoned by her bankruptcy estate. This case is closed.

■[ For further details see text below.]

Docketing to mail notices.

    Plaintiff, Mallissa McPherson-Moses, filed an employment discrimination claim against defendant, her former employer, Autumn Home Care, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. Defendant has filed a motion to dismiss, asserting plaintiff does not have standing to bring the civil rights claim. Fed. R. Civ. P. 12(b)(1). Defendant also argues that plaintiff is judicially estopped from bringing her claim. For the reasons which follow, the court concludes that plaintiff lacks standing to pursue her civil rights claim. Consequently, defendant's motion to dismiss is granted.

## I. BACKGROUND

    Plaintiff claims to have been fired from her job because she reported her co-workers' misconduct. She properly filed a claim with the Equal Employment Opportunity Commission, and on February 10, 2011, was issued a "right to sue" letter. She commenced this lawsuit against defendant on May 10, 2011. On June 28, 2011, plaintiff filed for Chapter 7 bankruptcy in the U.S. Bankruptcy Court of the Northern District of Illinois.

    When filing for bankruptcy, a debtor must submit to the bankruptcy court a schedule of all assets and liabilities in which they have an interest. Among the assets listed on the form are "suits and administrative proceedings, executions, garnishments and attachments," accompanied by a line underneath for an explanation and a box next to it reading "none." Despite having filed her civil rights claim less than two months earlier, plaintiff checked the box marked "none"; as a result her bankruptcy estate never took the claim into account, evaluated, or abandoned it. Plaintiff's bankruptcy proceedings closed on October 28, 2011. Two months later, the bankruptcy court granted plaintiff's motion to reopen her case. Plaintiff took the opportunity to amend her schedule of assets to include the pending civil rights claim. Thereafter, stand-by counsel for plaintiff sent a letter to the trustee of her bankruptcy estate, asking if he, as trustee, had abandoned the civil rights claim. Trustee responded that he was no longer the trustee of the estate, the bankruptcy proceedings had closed and he had not abandoned the claim as it was never brought to his attention. Since plaintiff has amended her schedule to reflect the pending suit, there has not been a trustee appointed to plaintiff's bankruptcy estate.

## II. ANALYSIS

    Defendant presents two arguments to the court, first, that plaintiff is judicially estopped from bringing

her civil rights claim, secondly, that plaintiff lacks standing to pursue the same. The arguments will be analyzed in turn. Judicial estoppel precludes parties from abandoning positions taken in earlier litigation. Himel v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi., 596 F.2d 205, 210 (7th Cir. 1979). Defendant argues that plaintiff has taken inconsistent positions by bringing the claim now, after she failed to acknowledge it in her bankruptcy proceedings. However, in Cannon-Stokes v. Potter, the Seventh Circuit cautioned that "[j]udicial estoppel is an equitable doctrine, and it is not equitable to employ it to injure creditors who are themselves victims of the debtor's deceit." 453 F.3d 446, 448 (7th Cir. 2006). Here, because the trustee has not abandoned this claim, the creditors may still be able to recover debts owed to them by plaintiff, if her claim has merit. See Biesek v. Soo Line R.R. Co., 440 F.3d 410, 413 (7th Cir. 2006). Therefore, judicial estoppel is inapplicable at this stage of the litigation, as it could produce an inequitable result for plaintiff's creditors. Hoseman v. Weinschneider, 322 F.3d 468, 475 (7th. Cir. 2003) (stating that, "compliance with the Bankruptcy Code's abandonment provisions is meant to ensure the fair treatment of creditors"). Perhaps if the claim reverts back to plaintiff via the bankruptcy court, then judicial estoppel may become a viable defense.[1]

Defendant also argues that plaintiff lacks standing and has moved to dismiss under Rule 12(b)(1). The burden is on plaintiff to prove she has standing to bring this claim. Back v. Carter, 933 F. Supp. 738, 748 (N.D. Ind. 1996). "Obviously, if a plaintiff cannot establish standing to sue, relief from this court is not possible, and dismissal under 12(b)(1) is the appropriate disposition." Am. Fed'n of Gov't Emps., Local 2119 v. Cohen, 171 F.3d 460, 465 (7th Cir. 1999). When ruling on a Rule 12(b)(1) motion to dismiss a court may consider all relevant evidence which aids in resolving the issue of standing. Roman v. U.S. Postal Serv., 821 F.2d 382, 385 (7th Cir. 1987).

The record in this case, as well as plaintiff's bankruptcy court file, clearly demonstrate plaintiff's claim belongs to her bankruptcy estate.[2] Therefore, she is barred from bringing her civil rights claim against defendant at this time. 11 U.S.C. §§ 541(a)(1), 554(d). "Unless the [bankruptcy] court orders otherwise, property of the estate that is not abandoned . . . and is not administered in the case, remains property of the estate." 11 U.S.C. § 554(d); see also In re Yonikus, 996 F.2d 866, 869 (7th Cir. 1993) (noting that, upon filing for bankruptcy virtually all property of the debtor becomes part of the estate including all the debtor's interests, legal and equitable). The United States Code and case law establish that in bankruptcy the estate and not the debtor owns all pre-bankruptcy claims. 11 U.S.C. § 541(a)(1); see also Cannon-Stokes, 453 F.3d at 448. A debtor cannot bring a claim which the trustee of her bankruptcy estate has not demonstrably abandoned. In re Thomas, 204 F.2d 788, 792 (7th Cir. 1953); see also Morlan v. Universal Guar. Life Ins. Co., 298 F.3d 609, 618 (7th Cir. 2002).

Here, plaintiff's bankruptcy file shows she allowed her bankruptcy proceedings to conclude without disclosing her civil rights claim to the trustee of her estate. Only after the proceedings had concluded did plaintiff move the bankruptcy court to reopen her case so she could amend her schedule of assets to include the claim. Although her bankruptcy filings were amended to include the claim, it was never abandoned, as noted by the letter from the bankruptcy trustee to plaintiff's stand-by counsel.[3] Heartland Direct Inc. v. Chevron U.S.A. Inc., No. 06 C 1029, 2006 WL 2524139, at *3 (N.D. Ill. Aug. 30, 2006) (noting the possible ways in which a claim may be abandoned by a trustee). When a bankruptcy case is reopened, a trustee is not appointed unless the court determines it is necessary. Fed. R. Bankr. P. 5010. Upon reopening plaintiff's case, a new trustee was not appointed, and therefore, her claim could not have been abandoned. Heartland Direct, 2006 WL 2524139, at *3. Since no trustee has abandoned the claim, it remains property of the bankruptcy estate. Morlan, 298 F.3d at 617-18.

In summation, plaintiff lacks standing to bring her civil rights claim stemming from her discharge by defendant, because the claim does not belong to her. 11 U.S.C. §§ 541(a)(1), 554(d). At this point, she is not the proper party to bring this action against defendant; only her bankruptcy trustee can bring the claim on behalf of her estate. Until such time that a trustee of her bankruptcy estate abandons the claim, plaintiff will not have standing.

## III. CONCLUSION

Judicial estoppel is not yet applicable since it would be inequitable to bar plaintiff's creditors from a potential recovery. The trustee of plaintiff's bankruptcy estate is the only party with standing to bring her civil rights claim. The burden is on plaintiff to prove she has standing, that burden has not been met; therefore, defendant's motion to dismiss is granted. The dismissal is without prejudice to refiling; should the trustee abandon the claim, plaintiff may regain standing.

1. The court recognizes that plaintiff may take inconsistent positions if the claim reverts back to her. Although, at this point of the litigation this issue need not be resolved, since the potential inequity to plaintiff's creditors is the most compelling reason to reject defendant's judicial estoppel argument.

2. The court takes judicial notice of plaintiff's bankruptcy file referenced in this opinion. In re Consol. Indus. Corp., 397 F.3d 524, 527 (7th Cir. 2005).

3. The letter was sent to plaintiff's stand-by counsel at that time; plaintiff is now proceeding pro se.